O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA PALLANES,<br><br>  Plaintiff,<br>v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 10-187-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 6, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

## I.
## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the opinion of the treating psychiatrist; and
2. Whether the ALJ posed an incomplete hypothetical to the vocational expert ("VE").

(JS at 2.)

## II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /
/ / /

## III.

## DISCUSSION

**A.     The ALJ Properly Considered and Rejected the Opinion of Plaintiff's Treating Psychiatrist.**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, to reject the opinion of treating psychiatrist, Jesus A. Bucardo, M.D. Specifically, Plaintiff challenges the ALJ's rejection of Dr. Bucardo's opinion, as stated in a February 5, 2008, Narrative Report, that Plaintiff was "unable to complete a 40 hour work week without decompensating and [that] her prognosis was guarded." (JS at 3-5, 7-8 (quoting AR at 12.) The Court disagrees.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, the Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

As noted by Plaintiff, in his February 5, 2008, report, Dr. Bucardo concluded that due to major depressive disorder with psychotic features, Plaintiff would be unable to complete a forty-hour work week without decompensating. In addition, he assessed her prognosis as "guarded." (AR at 305.)

The ALJ considered Dr. Bucardo's opinion, determined it was entitled to only limited weight, and provided specific and legitimate reasons for rejecting the opinion. (AR at 16, 21-23.) Specifically, the ALJ rejected Dr. Bucardo's opinion because "[t]he statement is inconsistent with records from the same provider later that same month and for subsequent months that the claimant was stable, her medication was effective, and her mental health status examinations were appropriate." (Id. at 12.)

The record supports the ALJ's contention. On December 27, 2007, less than

two months before stating on the Narrative Report that Plaintiff could not perform a forty-hour work week and that her condition was "guarded," Dr. Bucardo reported that Plaintiff's mental status examination resulted in "appropriate" findings and that she was "stable." (Id. at 328.) On February 20, 2008, just fifteen days after his February 5, 2008, report, Dr. Bucardo reported that Plaintiff's mental status examination was again "appropriate" and that she was still "stable." (Id. at 296.) On April 21, 2008, Dr. Bucardo noted that he intended to continue the same plan for Plaintiff's treatment. (Id. at 295, 313.) On June 3, 2008, Dr. Bucardo again reported "appropriate" findings on Plaintiff's mental status examination and assessed her as "stable." (Id. at 294.) Dr. Bucardo noted at that time that Plaintiff's mood and anxiety were "overall controlled." (Id.)

In addition to Dr. Bucardo's findings, the state of the medical evidence for the period between late-2007 and mid-2008 indicates that Plaintiff's mental health was stable at that time and that her psychological symptoms were well controlled with medication. (Id. at 27-41, 268-80, 303-04.) The entirety of this evidence contradicts Dr. Bucardo's February 5, 2008, opinion that Plaintiff was unable to complete a forty-hour work week and that her prognosis was "guarded."

Accordingly, the Court finds that the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, to reject Dr. Bucardo's opinion. Thomas, 278 F.3d at 957; Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller, 770 F.2d at 849. Thus, there was no error.

B.  **Hypothetical to the VE.**

In her second claim, Plaintiff contends that the ALJ failed to pose a complete hypothetical question to the vocational expert because the ALJ's hypothetical did not include the limitations reflected in Dr. Bucardo's February 5, 2008, report. (JS at 8-9, 10-11.)

"In order for the testimony of a VE to be considered reliable, the

hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)).  Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist.  See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  As a result, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations.  Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews, 53 F.3d at 1043 (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

As the Court concluded above, the ALJ properly rejected the opinions of Dr. Bucardo as reflected in his February 5, 2008, report.  Accordingly, the ALJ was not obligated to include those limitations in his hypothetical to the vocational expert.  See, e.g., Magallanes, 881 F.2d at 756-57; Copeland, 861 F.2d at 540; Martinez, 807 F.2d at 773-74.  Thus, the ALJ did not err by presenting an incomplete hypothetical question to the vocational expert.

## IV.

## ORDER

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: October 12, 2010

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge